# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| **CORTEZ SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No. |
| **BENNETT TOOL & DIE, LLC** | ) |
| **d/b/a A&E CUSTOM** | ) |
| **MANUFACTURING** | ) **JURY TRIAL DEMANDED** |
| **Serve Resident Agent:** | ) |
| **National Registered Agents Inc. of KS** | ) |
| **112 SW 7th Street Suite 3C** | ) |
| **Topeka, KS 66603** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

### DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the United States District Court for the District Court of Kansas in Kansas City, Kansas as place of trial.

### NATURE OF THE CLAIM

COMES NOW the Plaintiff, Cortez Smith ("Plaintiff"), by and through his attorneys, and alleges the following against Bennett Tool & Die, LLC ("Bennett"):

1. This case is brought by Plaintiff against Bennett. Plaintiff seeks monetary damages to redress the deprivation of Rights accorded to Plaintiff under the Civil rights Act, 42 U.S.C. §1981 ("§1981").

### JURISDICTION AND VENUE

2. Both jurisdiction and venue are proper in this Court, because federal questions are involved, and because, the unlawful employment practices were committed within this judicial circuit. Jurisdiction and venue are therefore proper in this Court pursuant to 28 U.S.C. §1331

and 28 U.S.C. §1391(b).

3. At all times mentioned herein, all of Defendant's employees were acting within the scope of their employment with Defendant in furtherance of its business.

## PARTIES

4. Plaintiff is a male, African-American and permanent resident of the United States.

5. At all times relevant herein, Plaintiff was employed by Bennett.

6. Bennett is a corporation authorized and doing business in the state of Kansas.

## GENERAL ALLEGATIONS

10. On or about June 28, 2018 Plaintiff began employment with Bennett as a "Robot Welder."

11. Starting in July 2018, Plaintiff heard Bennett lead welder Dean use racially-related and derogatory remarks about Plaintiff.

12. The following list includes some examples of the racial slurs and racially-derogatory comments directed specifically at Plaintiff by Lead Welder Dean:

- "Soul Brother"
- "Baboon"
- "Boy"
- "Nigger"

13. Each of these comments were heard by Welding supervisor John Pace ("JP").

14. After the "Baboon" comment in September of 2018, Plaintiff asked JP to document the comments and do something about the racial comments, but nothing was done.

15. In October of 2018, Dean called Plaintiff a "Nigger" to JP, right in front of Plaintiff.

15. After this comment was made, JP went with Plaintiff to Human Resources and filed a complaint against Dean.

16. JP told Plaintiff that this was Dean's last time, and that if Dean made any other comments to Plaintiff, he would be terminated.

17. However, other employees at Bennett would use racial slurs and discriminatory language to Plaintiff.

18. In September, 2018 an employee for Defendant told Plaintiff that his three least favorite types of drivers were "old drivers, women drivers, and black people in Cadillacs" stating that "they are just so used to riding in those big ships".

19. On or about June 24, 2019, Dean yelled at Plaintiff and called him "boy" multiple times.

20. On or about July 2, 2019, Plaintiff came to work and saw that someone had hung a doll by the neck with a noose in Plaintiff's booth.

21. The doll had Plaintiff's name written on it, as well as the words "Die nigger" written on it at well.

22. Plaintiff called over his coworker Tommy, to see the doll hung in Plaintiff's booth.

23. The police were called to Bennett and a report was made.

24. Plaintiff registered concerns of retaliation and discrimination with Bennett management, but nothing was done and there was no culprit found.

25. Plaintiff was subjected to harassment and racial comments by other employees at Bennett as well.

26. Plaintiff would hear the word "nigger" yelled out loud at random times, but when Plaintiff would look up from his work, everyone would be pretending to work.

27. On or about July 12, Plaintiff took FMLA leave due to the outrageous and harassing environment he was experiencing at Bennett.

28. After Plaintiff's FMLA ran out, Plaintiff was terminated from Bennett.

29. Plaintiff was not allowed to return to work, nor were any steps taken to allow plaintiff to return to work.

30. At all times mentioned herein, before and after, the above described perpetrators were agents, servants and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, or their actions were expressly authorized or ratified by Defendant. Therefore, Defendant is liable for the actions of said persons and/or other perpetrators under all theories pled herein.

## COUNT I
## Violations of 42 U.S.C. §1981

31. Plaintiff hereby incorporates paragraphs 1 through 30 of the Complaint, by reference, as if fully set forth herein.

32. During the course of Plaintiff's employment, Defendant's representatives, acting within the scope and course of employment, engaged in intentional discrimination against Plaintiff.

33. Defendants' harassment had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and offensive working environment.

34. The conduct as described herein would have offended a reasonable person of the same race in Plaintiff's position.

35. Management level employees knew, or should have known, of the racial harassment and racial discrimination described herein, but failed to take appropriate remedial action.

36. By failing to conduct a prompt, thorough and honest investigation of Plaintiff's allegations and of other witnesses, Defendants exacerbated the racially hostile environment and racial discrimination in Plaintiff's work place.

37. Because of its actions, Defendants deliberately rendered Plaintiff's working conditions intolerable.

38. As a result of Defendants rendering the working conditions intolerable, Plaintiff was forced to quit his job.

39. Defendant, through its agents and employees, engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

40. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff suffers and will continue to suffer damages, including, emotional distress, and inconvenience.

WHEREFORE, Plaintiff prays for judgment against Defendant for a finding that he has been subjected to unlawful discrimination; for an award of compensatory and punitive damages; for his costs expended; for his reasonable attorneys' and expert's fees; and for such other and further relief the Court deems just and proper.

## COUNT II
### Violations of 42 U.S.C. §1981—Retaliation

41. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

42. Plaintiff's complaints concerning the racial discrimination and racial harassment

he was subjected to constituted protected activity.

43. By reason of Plaintiff's complaints, Defendant retaliated against Plaintiff.

44. Defendant's retaliation against Plaintiff was committed with malice or reckless disregard of his federally protected rights. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

45. Defendant's retaliatory actions against Plaintiff caused him to suffer emotional distress, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of his Complaint, for a finding that he has been subjected to unlawful discrimination provided by 42 U.S.C. 1981*;* for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief; for his costs expended; for his reasonable attorneys' and expert's fees; and for such other and further relief the Court deems just and proper.

Respectfully Submitted

**HOLMAN SCHIAVONE, LLC**

By: S/ Kirk D. Holman
Kirk D. Holman, KS# 19558
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: kholman@hslawllc.com

ATTORNEYS FOR PLAINTIFF

S/ Kirk D. Holman
Kirk D. Holman, KS# 19558

7